UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS BEEKS, ) | 1:05-CV-00791-REC-TAG-HC |
| ) | |
| Petitioner, ) | ORDER GRANTING PETITIONER'S |
| ) | MOTION FOR STAY  (Doc. 6) |
| v. ) | |
| ) | ORDER FOR PETITIONER TO FILE |
| GEORGE GIURBINO, ) | STATUS REPORTS |
| ) | |
| ) | ORDER DISREGARDING PETITIONER'S |
| Respondent. ) | REQUEST TO WITHDRAW PETITION FOR |
| _____ ) | WRIT OF HABEAS CORPUS (Doc. 4) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On June 16, 2005, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California. (Doc. 1). On June 22, 2005, Petitioner filed a request for leave to withdraw the habeas corpus petition due to lack of exhaustion in state court. (Doc. 4, p. 1).  Before the Court could rule on this request, Petitioner filed the instant motion for stay or abeyance of the proceedings pending exhaustion of state court remedies. (Doc. 6).

As grounds for the stay, Petitioner indicates that after his state court appeal was denied by the Court of Appeal, Fifth Appellate District, his court-appointed attorney mis-calculated the date to file a petition for review in the California Supreme Court and, ultimately,

filed it in an untimely fashion. (Doc. 6, p. 4). Petitioner's attorney sought leave from the state supreme court to file a late petition for review, but leave was denied. (Id.). Subsequently, the attorney filed a habeas corpus petition in state court to exhaust the claims she should exhausted in a timely petition for review. (Id.). Petitioner alleges that on April 13, 2005, the California Supreme Court denied his attorney's habeas corpus petition, thus apparently exhausting the state court issues his attorney had wished to preserve. (Id.). Petitioner then filed the instant petition raising those newly exhausted claims.

However, while this process was underway, Petitioner discovered additional issues he wished to raise in his federal habeas petition and, on February 10, 2005, apparently filed his own habeas corpus petition in the California Supreme Court, in Case No. S131392, in an attempt to exhaust these additional issues. (Doc. 6, attached letter dated June 2, 2005). To date, there has been no decision from the California Supreme Court regarding that case. Petitioner now requests that the Court grant a stay and hold the proceedings in abeyance pending exhaustion of the claims raised in Case No. S131392. (Doc. 6).

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 125 S.Ct. 1528 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 125 S.Ct. at 1533-1534.

In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 125 S.Ct. at 1535. When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Id.

Here, Petitioner has timely filed a federal habeas petition containing claims now exhausted in state habeas corpus proceedings. He has also initiated state court habeas proceedings to exhaust additional claims which he hopes at some point to include in the instant petition. In his motion for a stay, Petitioner indicates that his state habeas petition was filed on February 10, 2005, and is still pending in the California Supreme Court. (Doc. 6).

Thus, it appears to the Court that Petitioner is attempting to exhaust his claims in a timely and expeditious manner; there is no indication that, in seeking this stay and abeyance, Petitioner intends to harass or delay the proceedings, nor does it appear that Petitioner is

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

engaging in dilatory conduct. Moreover, it appears that Petitioner is proceeding in good faith and that no prejudice would inure to the parties by granting the requested stay.

Therefore, good cause having been presented, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies in Case No. S131392.

However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d at 988 n. 11. No later than thirty (30) days after the date of service of this Order, Petitioner must inform the Court of the status of the habeas proceedings in state court, including the date or dates of all habeas corpus cases filed in state court, the case numbers, and any outcomes.[2] Further, Petitioner must proceed diligently to pursue his state court remedies, and every sixty (60) days after the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Kelly, 315 F.3d at 1071.

Regarding Petitioner's June 22, 2005 request for leave to withdraw the Petition, the Court interprets Petitioner's subsequent request for a stay as implicitly withdrawing that earlier request. Accordingly, the Court will disregard it.

///
///
///
///
///
///
///

---

[2] The filing should be entitled "Status Report."

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 6), is GRANTED;

2. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies in Case No. S131392;

3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

4. Petitioner is DIRECTED to file a new status report every sixty (60) days after the filing of the initial status report;

5. Petitioner is GRANTED thirty (30) days following the final order of the state courts within which to file a motion for leave to amend the petition to include the newly exhausted claims;

6. Petitioner's June 22, 2005 request for leave to withdraw his petition for writ of habeas corpus (Doc. 4), is DISREGARDED.

IT IS SO ORDERED.

Dated:   **August 2, 2005**              **/s/ Theresa A. Goldner**
j6eb3d                                             UNITED STATES MAGISTRATE JUDGE